UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUANN RUGGERI, RICHARD JARAMILLO and PRAKASH NAIK on behalf of themselves and others similarly situated,

Plaintiffs,

v.

BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.

Defendant.

CIVIL ACTION NO. 3:06-CV-1985(JBA)

APRIL 13, 2007

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' RULE 23 CLASS ALLEGATIONS**

Plaintiffs, Luann Ruggeri, Richard Jaramillo, and Prakash Naik, on behalf of themselves and all others similarly situated, through their undersigned counsel, hereby submit this memorandum of points and authorities in opposition to Defendant, Boehringer Ingelheim Pharmaceuticals, Inc.'s Motion to Dismiss and/or Strike Plaintiffs' Rule 23 Class Allegations. For the reasons set forth more fully herein, Defendant's Motion to Dismiss should be denied.

## I. Introduction

Defendant expects the Court to decline jurisdiction here simply because it declined supplemental jurisdiction in *Neary v. Metropolitan Property and Casualty Co.*, 472 F. Supp.2d 247, 2007 U.S. Dist. Lexis 9950 (D. Conn. Feb. 8, 2007) (Exhibit A). But the claims and circumstances in this case are much different from those in *Neary*, and the result must be different as well.

As an initial matter, the Court in this case has *original* jurisdiction over Plaintiffs' state law claims under the Class Action Fairness Act, 28 U.S.C. 1332(d).[1] There is the requisite diversity of citizenship, and the amount in controversy is expected to exceed $5 million, exclusive of interest and costs. *Id.* §1332(d)(2). Because the Court has original jurisdiction, there is no need to reach the issue of supplemental jurisdiction. In any event, there is no basis for the Court to decline to exercise its supplemental jurisdiction.

Plaintiffs were employed by Defendant to meet with medical professionals to provide them with approved information and materials promoting Defendant's pharmaceutical products. The core claim in this case is Plaintiffs' claim for unpaid overtime under the federal Fair Labor Standards Act ("FLSA"), the California Labor Code, and the Illinois Minimum Wage Act. Under all three laws, employees are entitled to overtime pay. All three laws provide limited, narrowly-construed exemptions from this entitlement, which it is the employer's burden to plead and prove as affirmative defenses. *See Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002); *Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 8 (Cal. 1999); *Harper v. Wilson*, 302 F. Supp.2d 873, 880, 883 (N.D. Ill. 2004); *see also Haynes v. Tru-Green Corp.*, 507 N.E.2d 945, 951 (Ill. Ct. App. 1987) (Illinois overtime law parallels the federal law). Under all three laws Defendant is likely to plead the same exemptions: the "outside sales" exemption and the "administrative" exemption. The requirements for these exemptions are substantially similar under the federal and state laws, and the evidence required to adjudicate the exemption defenses is essentially the same under all three laws.

---

[1] The operative complaint does not expressly plead this jurisdictional ground, though it does allege there are "hundreds" of potential class members in each of the state law classes. Second Amended Compl. ¶14. If required by or helpful to the Court to assert CAFA jurisdiction, Plaintiffs will seek leave to amend the complaint. *See Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-53 (2d Cir. 1991).

Here, unlike in *Neary*, Plaintiffs' state law claims neither "substantially predominate[]" over the federal claims nor raise any "novel or complex issue of State law." 28 U.S.C. §1367(c).

First, Plaintiffs are pursuing state-law claims under the laws of *only two states* – California and Illinois.[2]

Second, the central proofs involved in *all* of Plaintiffs' claims will be substantially similar if not identical, and *all* of Plaintiffs' claims are expected to center on the common issue of whether or not they and similarly situated employees are exempt "outside salespeople" or exempt "administrative" employees. *See Morris v. Yale Univ. Sch. of Med.*, Case No. 05cv848 (JBA), 2006 U.S. Dist. Lexis 15692, *9 (D. Conn. Apr. 4, 2006) (predominance analysis "centers on, inter alia, the scope of proof for each claim and the scope of issues raised") (Exhibit B).

Third, there are no "novel or complex issues of state law" in the case. The state laws at issue are clearly delineated and settled, they parallel the FLSA to a substantial extent, and their application in this case will be straightforward. *See id.* at **10-11 & n.4 (state claims did not raise "sufficiently novel or complex issues of state law to justify declining to exercise supplemental jurisdiction;" case distinguished from those "in which truly novel or unsettled theories of recovery and/or issues of law were presented").

In wage and hour cases like this one, courts have readily concluded that state law claims neither predominate nor raise novel or complex state law issues, and have refused to decline their supplemental jurisdiction accordingly. *See, e.g.*, *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) (FLSA claims and multiple New York claims); *Frank v. Gold'n Plump Poultry, Inc.*, No. 04-1018 (JNE/RLE), 2005 U.S. Dist. Lexis 20441, **1-2, *14 & n.4 (D. Minn. Sep. 14, 2005) (FLSA claim, Minnesota and Wisconsin statutory claims, and state

---

2 The complaint states California and Illinois claims. Though the complaint is nominally framed to allow claims under other states' laws, Plaintiffs will not seek to add any such claims.

common law claims) (Exhibit C); *Goldman v. Radioshack Corp.*, No. 2:03-CV-0032, 2003 U.S. Dist. Lexis 7611 (E.D. Pa. Apr. 17, 2003) (FLSA claim and two Pennsylvania state law claims) (Exhibit D); *Bartleson v. Winnebago Indus., Inc.*, No. C02-3008-MWB, 2003 U.S. Dist. Lexis 19058 (N.D. Iowa Oct. 24, 2003) (FLSA claim and Iowa claim predicated on FLSA violations) (Exhibit E); *Chavez v. IBP, Inc.*, No. CT-01-5093-EFS, 2002 U.S. Dist. Lexis 24598 (E.D. Wash. Oct. 28, 2002) (FLSA claim and Washington law damages claim predicated on FLSA violations) (Exhibit F); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81 (S.D.N.Y. 2001) (FLSA claim and New York claim); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp.2d 772 (E.D.N.C. 2001) (FLSA claim and North Carolina law claim); *cf. Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 424-25 (D.C. Cir. 2006) (FLSA claim and New York claim; approving district court's *non*-reliance on 28 U.S.C. §1367(c)(1)-(2)).[3]

Indeed, courts have recognized the many reasons why it furthers the congressional purpose behind the supplemental jurisdiction statute to exercise jurisdiction in cases like this one. *See, e.g.*, *Ansoumana*, 201 F.R.D. at 96 (noting inefficiencies, wasted resources, conflicting rulings and other problems and difficulties where related FLSA and state claims are litigated in separate courts).

In short, the Court has original jurisdiction over Plaintiffs' state law claims and, additionally, the Court has supplemental jurisdiction over the state law claims that should not be declined based on the circumstances presented. Accordingly, Defendant's motion should be denied in its entirety.

---

3 Courts have also rejected attacks on supplemental jurisdiction based on some perceived "conflict" between the opt-in procedure applicable to FLSA class actions and the opt-out procedure applicable to Rule 23 state law actions. *See, e.g.*, *Lindsay*, 448 F.3d at 424-25; *Iglesias-Mendoza*, 239 F.R.D. at 374; *Frank*, 2005 U.S. Dist. Lexis at **14-15 & n.4; *Bartleson*, 2003 U.S. Dist. Lexis at *18; *see also Neary*, 2007 U.S. Dist. Lexis at **7-9 (refusing to decline supplemental jurisdiction on the basis of the purported "conflict").

## II. Background

Defendant Boehringer Ingelheim Pharmaceutical, Inc. ("Boehringer") is a Delaware corporation headquartered in Connecticut. Plaintiffs were employed by Boehringer as pharmaceutical representatives. Plaintiffs and all other members of the classes of pharmaceutical representatives they seek to represent have been uniformly classified by Boehringer as "exempt" from federal, California and Illinois wage and hour laws. On the basis of their uniform exempt classification, Plaintiffs and other pharmaceutical representatives have been denied overtime wages and other wages and protections owed to non-exempt employees.

Plaintiffs state the following claims, all of which are predicated on their being non-exempt employees:

1. A claim for unpaid overtime and liquidated damages under the FLSA, 29 U.S.C. §§207(a) and 216(b);

2. A claim for unpaid overtime and liquidated damages under the Illinois Minimum Wage Law, 820 ILCS §§ 105/4a(1) and 105/12(a);

3. A claim for unpaid overtime under the California Labor Code, §§510 and 1194;

4. A claim for restitution of unpaid overtime under the California Business and Professions Code, §17200 (predicated on the FLSA violations and the California Labor Code violations);[4]

---

[4] California Business & Professions Code §17200 et seq. prohibits unlawful, unfair or fraudulent business acts or practices. *See* Cal. Bus. & Prof. Code §17200. It is settled that FLSA violations may serve as the predicate unlawful or unfair business acts or practices for purposes of a §17200 claim. *See, e.g.*, *Harris v. Investor's Business Daily, Inc.*, 138 Cal.App.4th 28, 32-36, 41 Cal.Rptr.3d 108, 111-14 (Cal. Ct. App. 2006); *Bahramipour v. Citigroup Global Markets, Inc.*, No. C 04-4440 CW, 2006 U.S. Dist. Lexis 9010, **7-19 (N.D. Cal. Feb. 22, 2006) (Exhibit G); *Takacs v. A.G. Edwards and Sons, Inc.* 444 F.Supp.2d 1100, 1116-18 (S.D. Cal. 2006); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1477 & n.30 (C.D. Cal. 1996).

5. A claim for meal and rest period wages under the California Labor Code, §227.7;

6. A claim for penalties for late payment of wages under the California Labor Code, §§201-203; and,

7. A claim for penalties for failure to itemize overtime hours and wage rates on pay stubs under the California Labor Code, §226.

All of these claims turn on whether or not Plaintiffs were exempt employees. Boehringer has not yet filed an answer identifying which exemptions it will assert. But Plaintiffs anticipate that Boehringer will plead the same claim of exemption as to all of Plaintiffs' claims: the "outside sales" exemption or the "administrative" employee exemption, both of which are exemptions available under the FLSA, the California Labor Code and the Illinois Minimum Wage Act.

## III. Discussion

### A. The Court Has Original Jurisdiction Over the California and Illinois Claims

The Class Action Fairness Act ("CAFA") provides in pertinent part that the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds $5 million, exclusive of interest and costs, in which any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §1332(d)(2). The party asserting CAFA jurisdiction must show that it appears to a reasonable probability that the jurisdictional requirements are met. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57-58 (2d Cir. 2006).

The complaint does not specifically assert CAFA jurisdiction, but does allege on information and belief that there are at least 200 individuals presently employed in class positions in both California and Illinois, which establishes diversity (and gives rise to at least a reasonable inference that the $5 million requirement is met). Second Amended Complaint ¶¶14,

26, 35. The complaint also alleges that Plaintiffs and other members of the proposed California and Illinois classes worked substantial overtime on a regular basis. *Id.* ¶¶17-19, 43. Based on these factors, the additional California claims for damages and penalties, the additional Illinois claim for liquidated damages, and further information and belief, the amounts in controversy in both proposed Rule 23 state law class actions are in excess of $5 million, exclusive of interest and attorneys fees. If the Court requires, Plaintiffs will move for leave to amend the complaint to expressly plead to this effect. *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 252-53 (2d Cir. 1991) (leave to amend complaint to state jurisdictional basis is generally freely granted).

If the Court finds this pre-discovery showing inadequate to establish the Court's original jurisdiction to a reasonable probability, Plaintiffs would request leave to conduct modest discovery regarding jurisdictional facts (*e.g.*, number of potential class members, length of employment, average compensation information), which facts are peculiarly within Defendant's knowledge. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1010-11 (2d Cir. 1986) (courts may look beyond the complaint for evidence of jurisdictional facts and "have required that the party asserting jurisdiction be permitted discovery of facts demonstrating jurisdiction, at least where the facts are peculiarly within the knowledge of the opposing party.").

In sum, the Court has original jurisdiction over the California and Illinois class claims. If the Court determines, however, that more information is necessary to establish this jurisdiction, Plaintiffs should be provided with an opportunity to discover basic facts to make this showing. Once the Court is satisfied that it has original jurisdiction, there is no need to reach the supplemental jurisdiction issue.

In any event, as Plaintiffs discuss next, there is no basis for the Court to decline to exercise its supplemental jurisdiction in this case.

**B. The Court Should Exercise Supplemental Jurisdiction Over the California and Illinois Claims**

The standard regarding supplemental jurisdiction is set forth in 28 U.S.C. §1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Section 1367(c) further provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction . . . .
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"In exercising its discretion with respect to retaining supplemental jurisdiction, the district court must balance several factors, including consideration of judicial economy, convenience, and fairness to litigants." *Morris v. Yale Univ. Sch. of Med.*, No. 05cv848 (JBA), 2006 U.S. Dist. Lexis 15692, **5-6 (D. Conn. Apr. 4, 2006) (internal quotes omitted). However, the court has no authority to decline to exercise its supplemental jurisdiction unless one of the four factors enumerated in 28 U.S. 1367(c) is established. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998).

### 1. The Federal and State Law Claims Are Part of the Same Case or Controversy

Here, as in *Neary*, "it cannot be disputed that the class claims for violations of state wage and hour laws are sufficiently related to the FLSA claims that they form part of the same case or controversy, inasmuch as all of the claims relate to defendant's allegedly unlawful practice of designating plaintiff[s] and other similarly situated individuals as 'exempt' from overtime compensation." *Neary*, 472 F. Supp.2d at __, 2007 U.S. Dist. Lexis 9950 at **9-10.

### 2. There Is No "Novel or Complex Issue of State Law"

The California and Illinois claims do not present any novel or complex issue of state law warranting declination of supplemental jurisdiction.

Section 1367(c)(1) addresses the concern that novel or complex questions of state law, particularly in areas regarding the administration of state government, should be left for decision by state courts. *Morris*, 2006 U.S. Dist. Lexis 15692 at **5-6. Cases presenting "novel or complex" state law issues within the meaning of 28 U.S.C. §1367 are generally cases "in which truly novel or unsettled theories of recovery and/or issues of law were presented." *Morris*, 2006 U.S. Dist. Lexis 15692 at *11 n.4 (citing and describing cases); *cf. A Slice of Pie Prods., LLC v. Wayans Bros. Enter.*, 392 F. Supp.2d 297, 307 & n.4 (D. Conn. 2005) ("no novel or complex issue of California state law applie[d]" in federal copyright case even though case included an implied contract claim that was "specific" to California law).

Here, Defendant has not pointed to a single aspect of any California or Illinois claim that is even purported to raise an unsettled or truly novel issue of state law, let alone one of such a nature that would be better left to state courts for resolution.[5] To the contrary, the California and

[5] The only unsettled issue is the applicable statute of limitations for the California meal and rest period claims, and this issue is about to be settled by the California Supreme Court. *See*

Illinois laws are clearly delineated in statutes and regulations (and as regards the exemption issue in this case they appear to be substantially similar to the FLSA, *see infra* at 10-11). All that is required here is the application of the state laws to the facts presented. *Cf. Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 418, 424-25 (D.C. Cir. 2006) (approving of district court's conclusion that plaintiffs' New York state law overtime claims "are not novel or complex under section 1367(c)(1)").

**3. The State Claims do not "Substantially Predominate" Over the Federal Claims**

The California and Illinois claims do not predominate over the federal claims. The related federal and state claims are premised on the same facts, largely parallel one another, and likely will succeed or fail together. *See, e.g., Bartleson v. Winnebago Indus., Inc.*, No. C02-3008-MWB, 2003 U.S. Dist. Lexis 19058, **16-18 (N.D. Iowa Oct. 24, 2003); *Goldman v. Radioshack Corp.*, No. 2:03-CV-0032, 2003 U.S. Dist. Lexis 7611, **15-16 (E.D. Pa. Apr. 17, 2003).

As this Court has explained, the predominance inquiry is a qualitative one that focuses on the scope of the issues and proofs involved in the case:

> [A] predominance determination requires an interest-sensitive analysis rather than a numerical count of state and federal claims. . . . The analysis therefore centers on, inter alia, the scope of proof for each claim and the scope of issues raised.

---

*Murphy v. Kenneth Cole Productions, Inc.*, 134 Cal.App.4th 728, 36 Cal.Rptr.3d 418 (Cal. Ct. App. 2005), *review granted*, 130 P.3d 519 (Cal. 2006). This issue does not implicate the underlying liability standard of proof at all.

*Morris*, 2006 U.S. Dist. Lexis 15692 at *9 (internal quotes and citations omitted).

In this case, the issue at the heart of every federal and state law claim is the same: are Plaintiffs and the pharmaceutical representatives they seek to represent exempt or non-exempt employees. The exemptions likely to be at issue are the "outside sales" and "administrative" exemptions under the FLSA, California law, and Illinois law.

The state and federal "outside sales" exemptions are substantially similar to one another with regard to the issue in this case, which can be summarized as whether or not pharmaceutical representatives are engaged in actually making sales or obtaining orders or contracts. *See* 29 U.S.C. §§203(k) and 213(a)(1); 29 C.F.R. §541.500; 8 Cal. Code Regs. §§11040(1)(C) and 11040(2)(M); 820 Ill. Comp. Stat. §§105/3 (d)(4) and 105/3(g).[6] Likewise, the state and federal "administrative" exemptions are substantially similar as to the issues in this case and involve the same proofs. Indeed, the California exemption expressly adopts exempt administrative duties from the FLSA, and the Illinois exemption expressly adopts certain FLSA standards. *See* 29 U.S.C. §213(a)(1); 29 C.F.R. §§541.200-202; Cal. Lab. Code §515(a); 8 Cal. Code Regs. §11040(1)(A)(2); 820 Ill. Comp. Stat §105/4a(2)(E). Thus, the federal and state exemption defenses will raise substantially the same issues and turn on the same body of proof regarding pharmaceutical representatives' job duties.

---

6 California law does differ from the FLSA regarding the significance of how much time an employee spends making actual sales or doing work incidental to her making of actual sales. *Ramirez v. Yosemite Water Co., Inc.*, 978 P.2d 2, 9-11 (Cal. 1999). But the difference should not become relevant here, because the core issue in this case is whether Plaintiffs' work of distributing Defendant's promotional information constitutes the actual making of sales (or obtaining contracts or orders) in the first instance. In any event, even if the difference between the laws were relevant, the scope of proof would still be largely the same.

Similarly, Plaintiffs' claims for Illinois liquidated damages, California waiting time penalties, California meal and rest period wages, and California itemized wage statement penalties all turn on resolution of the common exemption issue. *See* Cal. Lab. Code §§201-203 (non-exempt employees may be entitled to up to thirty-days' wages as waiting time penalties for unpaid overtime wages due but not paid at time of quitting of termination); *id.* §226 (non-exempt employees entitled to maximum of $4,000 in penalties if their hours and overtime rates were not itemized in pay stubs); *id.* §226.7 (non-exempt employees entitled to an hour's wage for missed meal or rest period); 820 ILCS §105/12(a) (non-exempt employees who recover unpaid overtime are entitled to liquidated damages).

Further, the scope of issues and proofs arising from Plaintiffs' California waiting time penalties claim for "willful" violations is essentially the same as the scope of issues and proofs that are already raised by FLSA claims that raise the issue of willfulness and good faith. *See* 29 U.S.C. §255(a) (extended limitations period for willful FLSA violations); *id.* §260 (defense against FLSA liquidated damages for violations committed in good faith and based on objectively reasonable grounds); Cal. Lab. Code §203 (waiting time penalties for willful violations).

Though some state claims may have specific elements that are missing from the FLSA claims-- *e.g.*, missed meal and rest periods, termination dates for purposes of waiting time penalties – the proof required for these elements is either essentially coextensive with proof that is already required for the FLSA claims (*e.g.*, proof of the hours employees worked and their dates of employment), or else it is minimal and straightforward (*e.g.*, proof that Defendant did not furnish required information in pay stubs).

In sum, state law claims do not predominate here, just as they have been readily found not to predominate in many comparable cases. *See Lindsay*, 448 F.3d at 425; *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 370, 373-75 (S.D.N.Y. 2007); *Frank v. Gold'n Plump Poultry, Inc.*, No. 04-1018 (JNE/RLE), 2005 U.S. Dist. Lexis 20441, **1-2, *14 & n.4 (D. Minn. Sep. 14, 2005); *Bartleson*, 2003 U.S. Dist. Lexis 19058 at **16-18; *Goldman*, 2003 U.S. Dist. Lexis 7611 at **15-16; *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 90, 95 (S.D.N.Y. 2001); *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp.2d 772, 774 (E.D.N.C. 2001); *cf. Chavez v. IBP, Inc.*, No. CT-01-5093-EFS, 2002 U.S. Dist. Lexis 24598, **5-6 (E.D. Wash. Oct. 28, 2002) (state class members exceeded FLSA class members; state violations were essentially FLSA violations; need to calculate state law damages did not cause state law to predominate); *Kelley v. SBC, Inc.*, No. 97-CV-2729 CW, 1998 U.S. Dist. Lexis 18643, **39-40 (N.D. Cal. Nov. 13, 1998) (rejecting contention that state law claims would predominate in context of certifying both Rule 23 state law class action and FLSA class action) (Exhibit H).

**C. Defendant's Motion is Relies on Much Different Cases Involving Truly Novel Questions of State Law And/Or Dozens of State Laws**

The cases Defendant relies upon are readily distinguished. In *Neary*, the plaintiffs sought to proceed under the laws of *all fifty states*. 472 F. Supp.2d at __, 2007 U.S. Dist. Lexis 9950 at *14. Because of the large number of states involved, there would be a "broad range of state wage and hour statutes and issues implicated." *Id.* Further, there were specific unsettled or complex questions of Pennsylvania and New York law. *Id.*

In *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 312 (3d Cir. 2003) the Court recognized that the issue at bar necessitates "a case-specific analysis." There, the plaintiffs

stated a claim under the Pennsylvania Wage Payment and Collection Law ("WPCL") that raised the questions of, first, whether an implied contract could give rise to a WPCL claim, a question that "has never been addressed by the Pennsylvania state courts," and is of great importance to the "wage-protection legal scheme of Pennsylvania," and, second, "whether the WPCL pertains to at will, non-collective bargaining employees." *Id.* at 309-10, 311. Further, the state law classes would have been nearly ten times the size of the FLSA class, which had already been certified and closed to additional members. *Id.* at 309-12. Finally, the Third Circuit was "mindful of the unique circumstances surrounding th[e] litigation:" the plaintiffs did not add their Rule 23 state law implied contract claim until seventeen months after FLSA class certification, and after the court had closed the FLSA class period and ended discovery, and "the state interest in whether plaintiffs may prevail on an implied contract WPCL action [wa]s disproportionately high." *Id.* at 312.

In *Aquilino v. Home Depot U.S.A., Inc.*, No. 04-cv-4100 (PGS), 2006 U.S. Dist. Lexis 48554 (D.N.J. Jul. 17, 2006), the plaintiff sought to include statutory and common law claims under the laws of *twenty-five states*, the court presumed there would be "substantial differences" among the state laws, the proposed California class at issue had already been denied certification in another case, thereby ensuring certain defenses unique to the California claim, and the Pennsylvania claim involved additional unique issues as discussed in *De Asencio* (Exhibit I).

In *Glewwe v. The Eastman Kodak Co.*, No. 05-CV-6462T, 2006 U.S. Dist. Lexis 33449, (W.D.N.Y. May 25, 2006), plaintiffs brought wage claims under the laws of *thirty-five states* and breach of contract claims under the laws of all *fifty* states, and the court presumed that having so many state laws in the case would lead to complex and diverse issues of state law (Exhibit J).

Here, there are only statutory claims under California and Illinois law, there are no "novel or complex" questions of state law, the federal and state claims are largely coextensive in terms of the issues and proofs, and there is no indication that that the state law classes will be larger than the FLSA class, let alone to such an extreme degree that the FLSA claims would become a "federal tail" wagging a "a state dog." *Neary*, 472 F. Supp.2d at __, 2007 U.S. Dist. Lexis 9950 at *11 (internal quotes omitted).

**IV. Conclusion**

For the foregoing reasons, Plaintiffs respectfully submit that Defendant's Motion to Dismiss And/Or Strike Plaintiffs' Motion Rule 23 Class Allegations should be denied in its entirety.

PLAINTIFFS LUANN RUGGERI, RICHARD JARAMILLO AND PRAKASH NAIK

By ______________________

J. Daniel Sagarin CT04289
David A. Slossberg CT13116
Andrew W. Skolnick CT13422
HURWITZ, SAGARIN, SLOSSBERG & KNUFF, LLC
147 North Broad Street
Milford, CT 06460
Tele: (203) 877-8000
Fax: (203) 878-9800
DSagarin@hssklaw.com
DSlossberg@hssklaw.com
ASkolnick@hssklaw.com

-and-

Charles Joseph
JOSEPH & HERZFELD, LLP
757 Third Avenue, Suite 2500
New York, NY 10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

Ira Spiro, Esq.
Gregory Karasik, Esq.
SPIRO MOSS BARNESS LLP
11377 W. Olympic Boulevard
Fifth Floor
Los Angeles, CA 90064
Tel. (310) 235-2468
Fax (310 235-2456

Attorneys For Plaintiffs And Proposed
Collective Action Members

CERTIFICATE OF SERVICE

This is to certify that on April 13, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Andrew W. Skolnick