UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------

| | |
|---|---|
| LUANN RUGGERI, RICARDO JARAMILLO, AND PRAKASH NAIK, on behalf of themselves and others similarly situated, | : <br> : <br> : <br> : |
| Plaintiffs, | :    CIVIL ACTION NO. <br> :    3:06 CV 1985 (JBA)(JGM) |
| v. | : <br> : |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., | : <br> : <br> : |
| Defendant | :    SEPTEMBER 21, 2007 |

### RESPONSE IN FURTHER SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiffs, Luann Ruggeri, Ricardo Jaramillo and Prakash Naik, respectfully submit this Response to reply briefly to the arguments addressed in defendant's Notice of Supplemental Authority relating to the case of Eicher v. Advanced Business Integrators, Inc., 151 Cal.App.4th 1363 (Cal. Ct. App. 2007).

Defendant is simply grasping at straws. Nothing in *Eicher* even remotely supports the contention that Plaintiffs' California Labor Code overtime claim raises a "novel or complex issue of State law," let alone that the claim "substantially predominates" over the federal law claims. The most notable aspect of *Eicher* for present purposes is its emphasis on the substantial similarity and overlap between the California and federal administrative exemptions. 151 Cal.App.4th at 1372 ("Federal and California authorities" both draw the same distinction between "administrative employees" and non-administrative, or "production," employees); *id.* at 1372 n.4 ("California courts regularly look to federal authorities for guidance in determining

whether an employee is exempt"); *see also id.* at 1374 (reasoning by implication that the results in federal exemption cases cited by the employer would be the same under California law).

Defendant focuses on a minor aside in *Eicher* that is irrelevant to the motion before the Court. In *Eicher*, the employer invoked a subsection of one of the federal exemption regulations stating that some employees "who carry out major assignments" can qualify for the exemption. The court rejected the employer's argument because it was raised for the first time on appeal and because the employer had not established with any evidence or argument at trial that the employee carried out "major assignments." The court went on to observe that it had not found any California decisions holding that someone who carries out major assignments is for that reason alone an exempt employee. *Id.* at 1373-74. Based entirely on this statement, Defendant would now have the Court conclude that California's overtime exemption presents a "novel or complex issue of State law" or will "substantially predominate[]" over the federal claims.

Defendant's argument is a complete non-sequitor. Assuming there is any difference between the federal and California exemptions concerning the significance of evidence that employees "carry out major assignments," that would only show that evidence that could conceivably help Defendant meet the federal exemption would not help it meet the California exemption, *not* that there is a "novel or complex issue of State law," *not* that the California claim "substantially predominates" in this case, and not even that any difference between the California exemption and the federal exemption would have any relevance whatsoever in this case (*i.e.*, there is absolutely nothing in the record to show that the "carry our major assignments" concept will even be an issue in this case).

Defendant also continues to ignore that the evidence necessary to decide the California and federal exemption defenses will be largely, if not entirely, coextensive. Both defenses will

2

turn on the same body of evidence showing what job activities employees performed. Even if the factfinder had to make a special finding on the federal exemption – *i.e.*, whether or not the evidence shows that employees "carry out major assignments," that would not require any different or additional evidence beyond what is required for the California exemption. And again, this whole line of inquiry into possible differences between federal and state law is not even relevant to the supplemental jurisdiction question, which is whether there are "novel or complex" state law issues, or whether the state claim "predominates."

Based on the foregoing and plaintiffs' earlier submissions, defendant's motion to dismiss should be denied.

Respectfully submitted,

THE PLAINTIFFS

By _____
J. Daniel Sagarin CT04289
David A. Slossberg CT13116
Andrew W. Skolnick CT13422
HURWITZ, SAGARIN,
SLOSSBERG & KNUFF, LLC
147 North Broad Street
Milford, CT  06460
Tele: (203) 877-8000
Fax: (203) 878-9800
DSagarin@hssklaw.com
DSlossberg@hssklaw.com
ASkolnick@hssklaw.com

-and-

Charles Joseph
Michael Palmer
JOSEPH & HERZFELD, LLP
757 Third Avenue, Suite 2500
New York, NY  10017
Tel. (212) 688-5640
Fax (212) 688-2548

Eric B. Kingsley
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Tel. (818) 990-8300
Fax (818) 990-2903

Ira Spiro, Esq.
Gregory Karasik, Esq.
Spiro Moss Barness LLP
11377 W. Olympic Boulevard, 5th Flr.
Los Angeles, CA 90064


Kenneth Sugarman
John T. Mullan
RUDY EXELROD & ZIEFF, LLP
351 California Street, Ste 700
San Francisco, CA 94104

James Finberg
ALTSHULER BERZON, LLP
177 Post Street, Ste 300
San Francisco, CA 94108

Claire Kennedy-Wilkins
Lewis Feinberg Lee Renaker & Jackson, PC
1330 Broadway, Ste. 1800
Oakland, CA 94612


Attorneys for Plaintiffs and Proposed
Collective Action Members

## CERTIFICATE OF SERVICE

This is to certify that on September 21, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to all parties that are unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                                David A. Slossberg

Copies to:

Margaret Strange, Esq.
William Anthony, Esq.
Jackson Lewis LLP
90 State House Square
Hartford, CT 06103