UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUANN RUGGERI, RICHARD JARAMILLO, and PRAKASH NAIK on behalf of themselves and others similarly situated, : : : : : Plaintiffs, : : v. : : BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. : : : Defendant. : | Civil No. 3:06-CV-1985 (JBA) JANUARY 25, 2008 |

### DEFENDANT'S MOTION TO REQUEST A CONFERENCE IN ANTICIPATION OF FILING A MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Order on Pretrial Deadlines, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. (hereinafter referred to as "Boehringer") respectfully requests a conference in anticipation of filing a Motion for Summary Judgment in the above-referenced matter.

### A. BACKGROUND

Boehringer is a company based in Ridgefield, CT that is dedicated to researching, developing, manufacturing, marketing and selling branded pharmaceutical products that improve health and quality of life. Boehringer hires Sales Respresentatives, including the named Plaintiffs, based in part, on sales ability and once hired, trains them on selling skills and product knowledge to facilitate the prescribing of Boehringer-promoted products. Boehringer's Sales Representatives utilize product knowledge and effective selling skills to influence health care providers to prescribe Boehringer-promoted products. Boehringer reviews, ranks, and

compensates its Sales Representatives, in part, on their ability to increase sales of Boehringer products within their assigned geographic sales territory.

On March 9, 2007, Plaintiffs filed the operative Second Amended Complaint in the United States District Court, District of Connecticut against Boehringer alleging that Boehringer misclassified them as exempt employees in violation of the FLSA, California, and Illinois state law. Plaintiffs also included related state law claims. As three California courts have recently ruled, Boehringer is entitled to judgment as a matter of law on all of Plaintiffs' claims.

### B. BASIS FOR MOTION

There is no triable issue of material fact as to Plaintiffs' claims and Boehringer is therefore entitled to judgment as a matter of law upon all such claims. Three California courts that have recently reviewed this issue have concluded that pharmaceutical sales representatives are properly classified as exempt outside sales persons. See Menes v. Roche Laboratories, Inc., Order Granting Summary Judgment, Case No. 2:07-cv-01444-ER-FEMx (C.D. Cal. Jan. 1, 2008) (granting summary judgment in defendant's favor holding that defendant's pharmaceutical sales representatives were properly classified as exempt outside sales persons) (Attached at Exhibit 1); Barnick v. Wyeth, et al., Order Granting Defendant's Motion for Summary Judgment p. 11, Case No. CV 07-3859 SVW (Ex) (C.D. Cal. Oct. 25, 2007) (granting summary judgment in favor of defendant stating ". . . it appears to the Court that Plaintiff [pharmaceutical sales representative] clearly qualifies as an outside salesperson.") (Attached at Exhibit 2); D'Este v. Bayer Corporation, Inc., Order Granting Defendant's Motion for Summary Judgment p. 6, Case No. CV 07-3206-JFW (PLAx) (C.D. Cal. Oct. 9, 2007) (granting summary judgment in defendant's

favor concluding "as a matter of law that Plaintiff [pharmaceutical sales representative] was properly classified by [Defendant] as an outside salesperson. . . .") (Attached at Exhibit 3).

As in <u>Roche</u>, <u>Wyeth</u>, and <u>Bayer</u>, there exists no genuine issue of material fact that Plaintiffs in this case were properly classified as exempt outside sales persons. <u>Id.</u> In the alternative, Plaintiffs are exempt administrative employees. Summary judgment should thus be granted in Boehringer's favor on all of Plaintiffs' claims.

WHEREFORE, Boehringer respectfully requests a conference in anticipation of filing a Motion for Summary Judgment in the above-referenced matter.

> DEFENDANT,
> BOEHRINGER INGELHEIM
> PHARMACEUTICALS, INC.
>
> By: _____
> William J. Anthony (ct17865)
> anthonyw@jacksonlewis.com
> Margaret J. Strange (ct08212)
> strangem@jacksonlewis.com
> Jackson Lewis LLP
> 90 State House Square, 8th Floor
> Hartford, CT 06103
> P: (860) 522-0404
> F: (860) 247-1330

3

## CERTIFICATION OF SERVICE

I hereby certify that on January 25, 2008, a copy of the foregoing Defendant's Motion to Request a Conference in Anticipation of Filing a Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____
William J. Anthony