UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUANN RUGGERI, RICARDO JARAMILLO and PRAKASH NAIK on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.<br><br>Defendant. | CIVIL ACTION NO.<br>3:06-CV-1985(JBA) |

**ORDER REGARDING FLSA COLLECTIVE ACTION OPT-IN PROCEDURES, HOFFMANN NOTICE AND CONSENT TO JOIN FORM**

WHEREAS, Plaintiffs LUANN RUGGERI, RICHARD JARAMILLO and PRAKASH NAIK on behalf of themselves and others similarly situated, filed a Motion for Conditional Collective Action Certification, *Hoffmann-La Roche* Notice, and Equitable Tolling;

WHEREAS, Defendant BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. opposed Plaintiffs' Motion for Conditional Collective Action Certification, *Hoffmann-La Roche* Notice, and Equitable Tolling;

WHEREAS, this Court's Order dated February 27, 2008 conditionally certified this action as an FLSA collective action pursuant to 29 U.S. §216(b);

WHEREAS, this Court's Order dated February 27, 2008 denied Plaintiffs' Motion for Equitable Tolling;

WHEREAS, the parties' previously stipulated and this Court ordered that:

1. The statute of limitations under the FLSA applicable to employees in Covered Positions should be tolled from March 25, 2008, the date on which these stipulations were filed with the Court, through the date on which *Hoffmann-La Roche* notice of FLSA collective action lawsuit is mailed to the employees in Covered Positions.

2. Plaintiffs would not mail court-approved *Hoffmann-La Roche* notice of FLSA collective action lawsuit to the employees in Covered Positions before this Court issued its rulings on Defendant's Motion for Summary Judgment, and Plaintiffs' Motion for Partial Summary Judgment.

3. Within ten (10) days of this Court issuing its rulings on Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment, the parties would attempt to jointly submit to the Court a [P]roposed Order Regarding FLSA Collective Action Opt-in Procedures, and a Proposed *Hoffmann-La Roche* Notice of FLSA Collective Action Lawsuit, and Consent to Join Form. If the parties could not reach agreement, they would submit their respective alternative versions to the Court within ten (10) days of this Court issuing its rulings on Defendant's Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment.

WHEREAS, on September 29, 2008, this Court granted Plaintiffs' Motion for Partial Summary Judgment, and denied Defendant's Motion for Summary Judgment;

IT IS HEREBY ORDERED:

## ORDER

1. For purposes of this Order, the term "Covered Positions" shall mean all job positions at Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") or its predecessors in interest that have been titled or classified as Primary Care Sales Representative, Specialty Sales Representative, Institutional Sales Representative, HIV Sales Representative, or Senior Care Representative.

2. For purposes of this Order, the term "Covered Employees" shall mean all past, present and future employees who have been employed in a Covered Position at any time during the three (3) years preceding March 25, 2008.

3. No later than October 20, 2008, Defendant shall produce to Plaintiffs' counsel the names and last-known addresses of all Covered Employees. Defendant shall provide this information electronically in Microsoft Excel format or such other electronic format as Plaintiffs' counsel may agree to accept. Defendant will produce the phone number of a putative class member only if the notice to that putative class member is returned to the notice administrator as undeliverable. Defendant only will produce the phone number of the putative class member after Plaintiffs' counsel provide Defendant with a scanned copy of the envelope addressed to the putative class member at the address provided by Defendant and marked as undeliverable.

4. No later than November 1, 2008, Plaintiffs' counsel, or their agent, shall mail to all Covered Employees a notice of pendency of conditionally-certified class action substantially in the form attached

hereto as Exhibit A, and a "Consent to Join" form substantially in the form attached hereto as Exhibit B. These documents are collectively referred to as the "Notice." All communications with Covered Employees prior to the date of the filing of his or her Consent to Join Form should be consistent with the Court approved notice and applicable law.

5. Covered Employees' Completed Consent to Join Forms must be filed with the Court by 5:00 P.M. (E.S.T.) on January 16, 2009. Covered Employees who timely submit a completed Consent to Join Form shall be deemed to have joined the conditionally certified class action within the meaning of 29 U.S.C. §216(b), provided that Plaintiffs' counsel files their Consent to Join Forms with this Court as provided in paragraph 6 of this Order.

6. Plaintiffs' counsel shall endeavour to file all Consent to Sue forms with this Court by January 16, 2009. However, the parties agree that any Consent to Join form received by Plaintiffs' counsel within five (5) days of January 16, 2009 and which is postmarked on or before January 16, 2009 shall be immediately filed with this Court and the Covered Employee who submitted such Consent to Join form shall be deemed to have joined the conditionally certified class action within the meaning of 29 U.S.C. §216(b).

7. This Order is without prejudice to Plaintiffs' right to request that notice of the pendency of this action, and an opportunity to opt in, be provided

at a later date to individuals who become employed in Covered Positions after the filing date of this Order.

```
_____              _____
HONOR                             ERTON
JUDGE                             S DISTRICT COURT
   29 October 2008
```

EXHIBIT A

## NOTICE OF LAWSUIT AGAINST BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.

This notice and its contents have been authorized by the United States District Court, Honorable Janet Bond Arterton, United States District Court Judge.

If you wish to participate in the lawsuit, you must return the enclosed blue "Consent to Join" form no later than 5 P.M. (E.S.T.) January 16, 2009.

**TO:** Present and past employees of Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") who have held job positions titled or classified as Primary Care Sales Representative, Specialty Sales Representative, Institutional Sales Representative, HIV Sales Representative, or Senior Care Representative, or any predecessor job title/classification for the same positions, at any time from the earliest date covered by the first pay date falling after March 25, 2005 to the present time.

**FROM:** Rudy, Exelrod & Zieff, LLP; Altshuler Berzon LLP; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.; and Hurwitz, Sagarin, Slossberg & Knuff, LLC.

**DATE:** November 1, 2008

**RE:** Fair Labor Standards Act Lawsuit Filed Against Boehringer Ingelheim Pharmaceuticals, Inc.

### I. INTRODUCTION

A collective action lawsuit has been filed against Boehringer for allegedly unpaid overtime. You have been conditionally identified as "similarly situated" to the plaintiffs who brought the lawsuit. This Notice advises you of how your rights may be affected by this suit, and instructs you on the procedure for participating in this suit.

### II. DESCRIPTION AND STATUS OF THE LAWSUIT

Representative Plaintiffs Luann Ruggeri, Ricardo Jaramillo and Prakash Naik ("named plaintiffs" or "plaintiffs") filed this action against Boehringer on behalf of Pharmaceutical Representatives who worked for Boehringer at any time from approximately March 25, 2005 to the present time. Plaintiffs contend that they are owed overtime pay and liquidated damages.

The covered job positions are: Primary Care Sales Representative, Specialty Sales Representative, Institutional Sales Representative, HIV Sales Representative, or Senior

Care Representative (hereinafter collectively referred to as "pharmaceutical representatives").

Plaintiffs allege that Boehringer improperly classified its Pharmaceutical Sales Representatives under the FLSA and, as such, owe overtime to its Pharmaceutical Sales Representatives if they work more than forty (40) hours in a week. Plaintiffs allege that Pharmaceutical Sales Representatives are entitled to recover unpaid overtime pay for a period since March 25, 2005 to the present time. Boehringer's position is that its pharmaceutical sales representatives are correctly classified as exempt employees and are not owed any overtime and are correctly paid on a salary basis regardless of the number of hours they work in a given week.

On September 29, 2008, the Court ruled that Boehringer's pharmaceutical representatives do not fall within the outside sales employees exemption to federal overtime laws. The Court ruled that whether pharmaceutical representatives are exempt administrative employees could not be decided as a matter of law and instead must be determined by a jury. Boehringer disagrees with the Court's ruling, and is seeking appellate review of that decision.

### III. COMPOSITION OF THE CLASS

The three named plaintiffs sue for all Pharmacuetical Representatives who choose to join this lawsuit. Specifically, plaintiffs sue on behalf of all Pharmacuetical Representatives who (a) have at any time from approximately March 25, 2005 to the present time held job positions titled or classified as Primary Care Sales Representative, Specialty Sales Representative, Institutional Sales Representative, HIV Sales Representative, or Senior Care Representative; and (b) worked more than 40 hours in any workweek from March 25, 2005 to the present.

### IV. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, you may join this suit (that is, you may "opt in") by mailing the enclosed Blue "Consent to Join" form to plaintiffs' counsel at the following address:

Law Offices of Rudy, Exelrod & Zieff, L.L.P.
351 California Street, Suite 700
San Francisco, CA 94104
Fax: (415) 434 0513

If you choose to join the suit, your Consent to Join Form must be received no later than 5 P.M. (E.S.T.) on January 16, 2009. If you fail to return the Consent to Join form to plaintiffs' counsel by 5 P.M. (E.S.T.) January 16, 2009, you may not be able to participate in this lawsuit.

## V. YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you choose to join in the Fair Labor Standards Act claim, you will be bound by any Judgment entered in this case, whether favorable or unfavorable.

If you join this lawsuit, there is a possibility that you will be required to produce documents, and/or testify under oath at a pre-trial deposition or at trial in Court. You also have the right to have your own lawyer or to represent yourself in the case.

The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, there will be no payment to the attorneys. If there is a recovery, the attorneys for the class will receive attorneys' fees as determined by the Court, which may be a part of any settlement or judgment obtained (such as a court approved percentage of the common fund obtained for the class) or money judgment entered in favor of all members of the class, or which may be ordered by the Court to be separately paid by Boehringer, or which may be a combination of the two. By joining this lawsuit, you designate the named plaintiffs as your agents to make decisions on your behalf concerning the litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative plaintiffs will be binding on you if you join this lawsuit.

## VI. LEGAL EFFECT OF NOT JOINING THIS SUIT

If you choose not to join the Fair Labor Standards Act claim, you will not receive any money awarded as a result of any Judgment or settlement in this case on this claim, and you will not be bound by any Judgment on this claim, whether favorable or unfavorable to the class. If you choose not to join in this lawsuit, you are free to file your own lawsuit.

## VII. NO RETALIATION PERMITTED

Federal law prohibits Boehringer from discharging or in any other manner discriminating against you because you have exercised your rights under the Fair Labor Standards Act.

## VIII. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this suit, your interests will be represented by the named plaintiffs through their attorneys, as counsel for the class. It may be determined at a later date, however, that certain individuals will not remain a part of the collective action. If you do not want to be represented by plaintiffs and their counsel, you do have the right to choose other counsel and to pursue your claims separate from this suit. Counsel for the class include:

Page 3

## IX. ATTORNEYS FOR PLAINTIFFS:

Steven G. Zieff (SBN 84222)
David A. Lowe (SBN 178811)
Kenneth J. Sugarman (SBN 195059)
John Mullan (SBN 221149)
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104

Michael Rubin (SBN 80618)
James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
Peter Leckman (SBN 235721)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108

Todd F. Jackson (SBN 202598)
James Keenley (SBN 253106)
LEWIS, FEINBERG, LEE,
RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612

David A. Slossberg CT13116
Andrew W. Skolnick CT13422
HURWITZ, SAGARIN, SLOSSBERG
& KNUFF, LLC
147 North Broad Street
Milford, CT 06460

## X. FURTHER INFORMATION

Further information about this Notice, the deadline for filing a "Consent to Join," or questions concerning this lawsuit, may be obtained by telephoning plaintiffs' counsel at 1-800-869-0165.

## XI. COURT AUTHORIZATION

This notice and its contents have been authorized by the United States District Court, Honorable Janet Bond Arterton, United States District Court Judge.

**IMPORTANT: IF YOU WISH TO PARTICIPATE IN THIS LAWSUIT, YOU MUST FILL OUT THE ENCLOSED BLUE "CONSENT TO JOIN" FORM AND RETURN IT TO: LAW OFFICES OF RUDY, EXELROD & ZIEFF, L.L.P. 351 CALIFORNIA STREET, SUITE 700, SAN FRANCISCO, CA 94104 FAX: (415) 434 0513, BY NO LATER THAN: 5 P.M. (E.S.T.) JANUARY 16, 2009**

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUANN RUGGERI, RICARDO JARAMILLO and PRAKASH NAIK on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.,<br><br>Defendants. | Case No. 3:06-CV-1985(JBA) |

**THIS FORM MUST BE FILLED IN AND RETURNED BY NOT LATER THAN 5 P.M. (E.S.T.) JANUARY 16, 2009 IF YOU WISH TO PARTICIPATE IN THE LAWSUIT**

**CONSENT TO JOIN**

I work or worked for Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") at some time between March 25, 2005 and the present as a Primary Care Sales Representative, Specialty Sales Representative, Institutional Sales Representative, HIV Sales Representative, or Senior Care Representative, or any predecessor job title/classification for the same positions, and I worked more than 40 hours in a workweek from March 25, 2005 to the present.

I choose to participate in the Fair Labor Standards Act ("FLSA") collective action titled *Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, Case No. 06-cv-01985 (D. Conn). I understand that this lawsuit seeks unpaid overtime wages that may be owed to me, and that by joining the lawsuit I will become a plaintiff. By joining this lawsuit, I designate the plaintiffs named in the complaint as my representatives, and, to the fullest extent possible under applicable laws, to make decisions on my behalf concerning the

Page 1

FLSA claim, the method and manner of conducting and resolving the litigation, and all other matters pertaining to the lawsuit. To the extent that I am similarly situated to the other collective action members, I choose to be represented as a collective action member in this matter by Rudy, Exelrod & Zieff, LLP; Altshuler Berzon LLP; Lewis, Feinberg, Lee, Renaker & Jackson, P.C.; Hurwitz, Sagarin, Slossberg & Knuff, LLC; and other attorneys with whom they may associate. I understand I am retaining the above law firms who have agreed to share any fees recovered in this matter. I understand that it may be determined at a later date that certain individuals will not remain part of the proposed collective action and that I have the right to obtain separate legal advice and representation at my own expense. I understand that the attorneys will act in the best interests of the collective action members as a whole and hereby waive any conflict that may arise from the attorneys' representation of multiple collective action members.

Printed Full Legal Name: _____

Address: _____

City, State and Zip: _____

Job Title(s), Dates (start/end), and Locations
for employment at Boehringer (if known): _____

_____

Signature: _____

Date signed: _____

**NOTE: To be effective, this form must be submitted to Law Offices of Rudy, Exelrod & Zieff, L.L.P., 351 California Street, Suite 700, San Francisco, CA 94104 (Fax: 415-434-0513) by 5 P.M. (E.S.T.) JANUARY 16, 2009.**

Page 2