UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Luann Ruggeri, Ricardo Jaramillo, and Prakash Naik on behalf of themselves and others similarly situated, *Plaintiffs*, <br><br> v. <br><br> Boehringer Ingelheim Pharmaceuticals, Inc., *Defendant*. | Civil No. 3:06cv1985 (JBA) <br><br><br><br><br> May 26, 2009 |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION OF RULING ON MOTION FOR PERMISSION TO TAKE INTERLOCUTORY APPEAL FROM ORDER DENYING SUMMARY JUDGMENT [Doc. # 263]**

On September 29, 2008, this Court held that the outside sales exemption to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, does not encompass the Plaintiffs, pharmaceutical sales representatives ("PSRs") employed by Defendant Boehringer Ingelheim Pharmaceuticals, Inc., and thus granted summary judgment to Plaintiffs and denied summary judgment to Defendant as to this issue. In the same ruling it held that on the factual record before it, it could not determine whether Plaintiffs fit within the FLSA's administrative exemption, and thus denied summary judgment to Defendant on this issue. An amended ruling was issued on November 13, 2008. *See Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 585 F. Supp. 2d 254 (D. Conn. 2008) ("Summary Judgment Ruling"). On November 17, 2008, the Court denied a motion by Defendant Boehringer Ingelheim Pharmaceuticals for certification of an interlocutory appeal as to the outside sales exemption. *See Ruggeri v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 585 F. Supp. 2d 308 (D. Conn. 2008) ("Ruling on Interlocutory Appeal"). Defendant now moves for reconsideration of

denial of its motion for interlocutory appeal, and for the first time seeks permission to appeal that portion of the Summary Judgment Ruling denying it summary judgment as to the administrative exemption. The Court thus construes Defendant's motion as seeking reconsideration as to the outside sales exemption, and as seeking permission to take interlocutory appeal as to the administrative exemption. Plaintiffs do not oppose Defendant's motion (Pls.' Response [Doc. # 264] at 1), but, for the reasons stated below, no interlocutory appeal will be certified.

**I.     Standards**

A district court's determination of the propriety of an interlocutory appeal is governed by 28 U.S.C. § 1292(b), which requires that it be "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See also Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

Even where these statutory criteria are met, certification for interlocutory appeal may be denied in light of the "basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Interlocutory appeals are disfavored, and, because the procedure "was not intended as a vehicle to provide early review of difficult rulings in hard cases," a party seeking to appeal must demonstrate

"exceptional circumstances" justifying it. *Williston*, 410 F. Supp. 2d at 276 (providing expanded discussion of "exceptional circumstances," and collecting cases) (citations omitted).

II.     Discussion

    A.     **Reconsideration of Denial as to Outside Sales Exemption**

Although motions for reconsideration under Local Rule of Civil Procedure 7(c) "shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought," D. Conn. L. Civ. R. 7(c)1, and Defendant's motion seeking reconsideration comes five months after the Ruling on Interlocutory Appeal, it is based on more recent district court decisions applying the FLSA's outside sales exemption to PSRs which this Court recently opined now present "a controlling question of law as to which there is substantial ground for difference of opinion." *See Kuzinski v. Schering Corp.*, No. 3:07cv233 (JBA), 2009 WL 1035297, *1–*3, 2009 U.S. Dist. LEXIS 33021, *4–*9 (D. Conn. Apr. 17, 2009) (citing cases). Because the Court invited Defendant's motion for reconsideration, it will assume, without deciding, that this intervening evolution in caselaw could justify reconsideration. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478).

Upon reconsideration, however, the Court concludes that there are no "exceptional circumstances" justifying an interlocutory appeal of the Summary Judgment Ruling as to the outside sales exemption because in *Kuzinski* the Court certified an interlocutory appeal of

precisely the same issue Boehringer again seeks to raise on appeal: the applicability of the outside sales exemption to PSRs. Indeed, in denying summary judgment to the defendant in *Kuzinski*, Schering Corporation, as to the outside sales exemption, the Court relied expressly and extensively on its rulings in *Ruggeri*. *See, e.g.*, *Kuzinski v. Schering Corp.*, --- F. Supp. 2d ----, 2009 WL 807572, *7–*9, 2009 U.S. Dist. LEXIS 25702, *22–*29 (D. Conn. Mar. 30, 2009). Therefore, any review by the Second Circuit of *Kuzinski* necessarily entails a review of the *Ruggeri* rulings addressing the outside sales exemption. Because Boehringer's appeal would do nothing to put the outside sales exemption issue any more squarely before the Second Circuit than does Schering's appeal in *Kuzinski*, it presents no exceptional circumstance, and upon reconsideration Boehringer's motion for interlocutory appeal as to the outside sales exemption is denied.

### B.     Interlocutory Appeal as to Administrative Exemption

Although the Second Circuit has not addressed this issue, district courts in this circuit have held that delay in seeking interlocutory appeal under § 1292(b) "must be reasonable." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008) (quotations and citations omitted). Motions for interlocutory appeal certification have been found untimely when the order sought to be appealed had issued months earlier. *See, e.g.*, *id.* ("almost four months"); *Morris v. Flaig*, 511 F. Supp. 2d 282, 314–15 (E.D.N.Y. 2007) ("nearly two years"); *Green v. City of New York*, No. 05-CV-0429 (DLI)(ETB), 2006 WL 3335051, *2, 2006 U.S. Dist. LEXIS 77074, *6 (E.D.N.Y. Oct. 23, 2006) ("more than [a] two-month delay"); *Ferraro v. Sec'y of United States Dep't of Health and Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) ("nearly two and a half months"). Boehringer's delay of almost five months in seeking interlocutory appellate review as to the administrative

exemption is untimely, and it could have sought such review at the time it originally sought appeal of the outside sales exemption holding.[1]

Even considered on its merits, interlocutory appeal as to the administrative exemption is inappropriate under § 1292(b) because it presents a mixed question of law and fact as well as an incomplete record. *See Koehler*, 101 F.3d at 866; *Flaig*, 511 F. Supp. 2d at 315 (denying interlocutory appeal that "would require the Court of Appeals to consider mixed questions of law and fact"); *MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 79 (S.D.N.Y. 2006) (explaining that an appeal "requiring a thorough examination of the record . . . presented for interlocutory appeal . . . a mixed question of law and fact not generally suitable for interlocutory appeal").

Here, the Court denied summary judgment to Defendant because the factual record was incomplete as to both prongs of the administrative exemption—that is, whether Plaintiffs' work "related to [Boehringer's] management or general business operations," and whether it "involve[d] the exercise of discretion and independent judgment with respect to matters of significance." 585 F. Supp. 2d at 262–66 (describing prongs of administrative exemption). It found "the factual record . . . insufficient to demonstrate that the PSRs' primary duty *directly* relates to Defendant's general business operation," *id.* at 273, and that

---

[1] Defendant argues that its motion is not untimely for five reasons: Defendant's original motion was timely; in April 2009 the Court "encouraged Boehringer . . . to move . . . for reconsideration of its November 17, 2008 ruling"; "the federal landscape regarding PSR exemption status has changed significantly in the last five months"; the *In re Novartis* case, now before the Second Circuit, "involves the same legal issues as the case here"; and an appeal "will not cause prejudice to either party." (Def.'s Mem. Supp. at 9 & n. 9.) While the Court discussed with the parties the possibility of a motion for reconsideration in April 2009, Defendant elides the fact that it originally sought interlocutory appeal only as to the outside sales exemption, and not as to the administrative exemption.

gaps in the record rendered it "impossible to say whether the matters over which Plaintiffs had discretion were matters of significance to Boehringer," *id.* at 275. Thus the administrative exemption issue presents the sort of "incomplete record" that the Second Circuit has rejected for interlocutory appeal. *Koehler*, 101 F.3d at 866 (explaining that it was "reluctant to rely on what may turn out to be an incomplete record to clarify legal doctrine for the district court's guidance.")

### III.   Conclusion

For the reasons stated above, Defendant's Motion for Reconsideration [Doc. # 263] is DENIED as to the administrative exemption and GRANTED as to the outside sales exemption, but after reconsideration, Defendant's Motion for Interlocutory Appeal as to the outside sales exemption [Doc. # 182] is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of May, 2009.